LARRY R. LAYCOCK (USB No. 4868)
L. DAVID GRIFFIN (USB No. 7868)
MATTHEW A. BARLOW (USB No. 09596)
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABSOLUTELY FLOWERS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>I-SHOP.COM, a California corporation,<br>WEBHEADS, a California corporation,<br>JUST FLOWERS, a California corporation,<br><br>Defendants. | Judge David Sam<br>DECK TYPE: Civil<br>DATE STAMP: 12/22/2003 @ 16:21:57<br>CASE NUMBER: 2:03CV01122 DS<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Absolutely Flowers, Inc. complains and alleges against defendants I-Shop.com, Webheads, and Just Flowers (collectively, "Defendants") as follows:

**PARTIES**

1.   Plaintiff Absolutely Flowers ("Plaintiff" or "Absolutely Flowers") is a Utah corporation having a principal place of business at 8686 South State, Sandy, Utah 84070.

2.   On information and belief, Defendant I-Shop.com is a California corporation with a place of business at 1950 Sawtell Blvd., Suite 180, Los Angeles, California 90025.

3. On information and belief, Defendant Webheads is a California corporation with a place of business at 1950 Sawtell Blvd., Suite 180, Los Angeles, California 90025.

4. On information and belief, Defendant Just Flowers is a California corporation with a place of business at 1950 Sawtell Blvd., Suite 180, Los Angeles, California 90025.

## JURISDICTION AND VENUE

5. This is a civil action for trademark infringement, unfair competition and cybersquatting, by Defendants arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a) and (b).

6. Defendants have contracted to and/or have actually supplied goods and/or services within the State of Utah using the mark ABSOLUTE-FLOWERS and ABSOLUTE FLOWERS on its website, http://www.absolute-flowers.com, which infringes the trademark rights owned by Plaintiff, and has otherwise transacted business within and purposely availed itself of the privileges and benefits of the laws of the State of Utah. Further, the effects of Defendants' improper use of the ABSOLUTE-FLOWERS mark is additionally aimed at soliciting sales of Utah consumers and otherwise has effect within the State of Utah. Defendants are therefore subject to the jurisdiction of this Court pursuant to § 78-27-24, Utah Code Ann.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## ABSOLUTELY FLOWER'S FIRST CAUSE OF ACTION

### Federal Trademark Infringement - 35 U.S.C. § 1114

8. Plaintiff incorporates by reference the allegations of paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff owns United States Trademark Registration No. 2,340,677 for the trademark ABSOLUTELY FLOWERS® which was registered on the Principal Register on April 11, 2000.

10. Defendants' acts set forth above constitute trademark infringement of Plaintiff's United States Trademark Registration No. 2,340,677 under 15 U.S.C. § 1114 and these acts are likely to and have actually resulted in confusion by the consuming public.

11. On information and belief, Defendants' acts set forth above are intentional, knowing, and willful and will continue unless enjoined by this court.

12. Plaintiff has been damaged and continues to be damaged by Defendants' trademark infringement in an amount to be established at trial, including Defendants' profits and Plaintiff's lost profits.

13. Plaintiff has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are both preliminarily and permanently enjoined from their infringing and improper conduct.

## ABSOLUTELY FLOWER'S SECOND CAUSE OF ACTION

### Unfair Competition, Trademark Infringement - 35 U.S.C. § 1125(a)

14. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff, Absolutely Flowers, is a nation-wide distributor of flowers and flower arrangements and has been actively selling its goods and services under the name "Absolutely Flowers" since at least 1987.

16. Since at least 1994, Plaintiff has actively advertised and sold its flowers and services under the name "Absolutely Flowers" throughout the United States. This continuous advertising effort has resulted in ongoing sales by Plaintiff from every state within the United States.

17. Plaintiff's name ABSOLUTELY FLOWERS® is a valid and protectable trademark owned by Plaintiff inasmuch as ABSOLUTELY FLOWERS® is inherently distinctive. Further, Plaintiff's continuous use of this mark has created secondary meaning within the mark ABSOLUTELY FLOWERS® for Plaintiff.

18. Defendants have, without any permission or authority from Plaintiff, adopted and used in interstate commerce, marks confusingly similar to Plaintiff's ABSOLUTELY FLOWERS® trademark.

19. Defendants' various uses and misappropriations of Plaintiff's ABSOLUTELY FLOWERS® mark are in connection with the sale and promotion of Defendants' flower products and services and are likely to and have actually resulted in confusion by the consuming public. Defendants' misappropriations of Plaintiff's mark have also resulted in mistake, and are likely to and actually have deceived members of the consuming public as to affiliation, connection, or association, of Defendants' products and services with Plaintiff's products and services or as to the origin, sponsorship, or approval of Defendants' products and services by Plaintiff.

20. Defendants' acts set forth above constitute unfair competition and trademark infringement of Plaintiff's ABSOLUTELY FLOWERS® mark under 15 U.S.C. § 1125(a).

21. On information and belief, Defendants' acts set forth above are intentional, knowing, and willful and will continue unless enjoined by this court.

22. Plaintiff has been damaged and continues to be damaged by Defendants' trademark infringement and unfair competition in an amount to be established at trial, including Defendants' profits and Plaintiff's lost profits.

23. Plaintiff has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are both preliminarily and permanently enjoined from their infringing and improper conduct.

## ABSOLUTELY FLOWER'S THIRD CAUSE OF ACTION

### AntiCybersquatting Consumer Protection Act – 35 U.S.C. § 1125(d)

24. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff's mark ABSOLUTELY FLOWERS® is a federally registered trademark.

26. Defendants' domain name <absolute-flowers.com> is identical or confusingly similar to Plaintiff's federally registered ABSOLUTELY FLOWERS® mark, which ABSOLUTELY FLOWERS® mark was distinctive and/or famous at the time which the domain name <absolute-flowers.com> was registered.

27. Defendants' registration and/or use of the domain name <absolute-flowers.com> is a bad faith attempt to profit from Plaintiff's ABSOLUTELY FLOWERS® mark.

28. Defendants' acts set forth above constitute illegal cybersquatting prohibited under 15 U.S.C. § 1125(d).

29. Plaintiff has been damaged and continues to be damaged by Defendants' cybersquatting in an amount to be established at trial.

30. Plaintiff has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are enjoined from their cybersquatting and illegal conduct.

## ABSOLUTELY FLOWER'S FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

31. Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. A significant segment of the consuming public recognizes Plaintiff's mark ABSOLUTELY FLOWERS® as being distinctive of and identifying high quality products and services associated with a single source.

33. The ABSOLUTELY FLOWERS® mark used by Plaintiff is distinctive and/or has acquired secondary meaning.

34. Defendants' infringing use of the designation "ABSOLUTELY FLOWERS" is likely to cause confusion among the consuming public as to the origin of Defendants' products and services.

35. Upon information and belief, Defendants willfully and wantonly infringe Plaintiff's proprietary rights intending to injure Plaintiff.

36. Plaintiff has been damaged and continues to be damaged by Defendants in an amount to be established at trial, including Defendants' profits and Plaintiff's lost profits, plus punitive damages.

37. Plaintiff has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are both preliminarily and permanently enjoined from their infringing and improper conduct.

WHEREFORE, Plaintiff, Absolutely Flowers, prays:

A. For a finding that Defendants are liable for trademark infringement of Plaintiff's United States Registration No. 2,340,677 under 15 U.S.C. § 1114;

B. For a finding that Defendants are liable for trademark infringement and unfair competition of Plaintiff's trademark rights developed in its ABSOLUTELY FLOWERS® mark under 15 U.S.C. § 1125(a);

C. For a finding that Defendants are liable for cybersquatting under 15 U.S.C. § 1125(d);

D. For a finding that Defendants are liable for common law trademark infringement and unfair competition;

E. For a preliminary and permanent injunction, under 15 U.S.C. § 1116, restraining and enjoining Defendants, their agents, servants, employees, officers and those persons in act of concert or participation with Defendants, from further engaging in trademark infringement of Plaintiff's ABSOLUTELY FLOWERS mark, such injunction enjoining Defendants from:

   (1) using in any manner the ABSOLUTELY FLOWERS® mark, or any other word, term or terms, including "ABSOLUTE FLOWERS", ABSOLUTE FLOWERS, and http://www.absolute-flowers.com, that are likely to cause confusion therewith on

goods or services, or in connection with any advertising or promotion of Defendants' goods and/or services;

(2) using in any manner the term or word ABSOLUTELY FLOWERS® in connection with Defendants' goods or services in such a manner that it is likely to create the erroneous belief that Defendants' goods or services are authorized by, sponsored by, licensed by or are in some way associated with Plaintiff;

(3) using any telephone number associated in any way with Defendants prior trademark infringement using Plaintiff's ABSOLUTELY FLOWERS® mark;

(4) passing off or assisting, inducing, or encouraging another to pass off any product or service as originating from Plaintiff;

(5) otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendants' goods or services are authorized by, sponsored by, licensed by or are in some way associated with Plaintiff;

F. For an accounting and determination, under 15 U.S.C. § 1117, of gains and profit of Defendants for the sale of goods distributed or sold and/or services provided, and also for any other damages sustained by Plaintiff as the result of the trademark infringement and unfair competition described above;

G. For statutory damages of $100,000 as provided under 15 U.S.C. § 1117(d);

H. For damages, under 15 U.S.C. § 1117, in accordance with proof at trial and trebled, to compensate Plaintiff for the willful, deliberate, and intentional acts of trademark infringement and unfair competition described above;

I. For an award, under 15 U.S.C. § 1117, of reasonable attorney's fees against Defendants for an exceptional case as a result of the deliberate trademark infringement and unfair competition described above;

J. For an assessment of interest and costs against Defendants under 15 U.S.C. § 1117;

K. A judgment for punitive damages as a result of Defendants' willful and wanton disregard for the common law trademark rights and unfair competition of Plaintiff and tortious conduct directed at Plaintiff; and

L. For such other and further relief on all accounts as may be just and proper.

## JURY DEMAND

Plaintiff, Absolutely Flowers, demands a trial by jury on all issues triable to a jury as a matter of right.

DATED this 22nd day of December, 2003.

WORKMAN NYDEGGER

By: _____
Larry R. Laycock
L. David Griffin
Matthew A. Barlow

Attorneys for Plaintiff

J:\1509212\001 Complaint.doc

9